UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTHFIELD INSURANCE CO.,

        Plaintiff,

vs.

Case No. 24-CV-12822

Honorable Nancy G. Edmunds

MICHIGAN 32, LLC,

        Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION OR REHEARING (ECF No. 13) AND
DENYING PLAINTIFF'S MOTION TO FILE BRIEF IN OPPOSITION (ECF No. 14)

      This Declaratory Judgment action is before the Court on Defendant Michigan 32, LLC's (MI 32) motion for reconsideration or rehearing of the Court's Opinion and Order granting summary judgment to Plaintiff Northfield Insurance Company (Northfield). The matter arose out of a commercial insurance coverage dispute wherein Northfield denied MI 32's fire loss claim. After conducting a thorough analysis of the arguments made by both parties, the Court granted summary judgment in favor of Northfield on its Declaratory Judgment action. First, the Court held that MI 32's admitted failure to comply with its Policy's Protective Safeguard Endorsement ("PSE"), requiring that the insured building be protected by a centrally-monitored fire alarm, which was a condition precedent to coverage, precluded coverage for the fire loss under the PSE terms and fire loss exclusion. Second, the Policy was void ab initio where it was issued in reliance on MI 32's undisputed material misrepresentations in its application, i.e., that it had an

ADT-monitored fire alarm when its principal later admitted it never did. MI 32 now maintains the Court granted Northfield's motion without addressing MI 32's waiver and estoppel defenses.

The local rules of this district no longer allow a party to file a motion for reconsideration of final orders or judgments. E.D. Mich. LR 7.1(h)(1). Instead, "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). *Id*.

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). While Rule 59(e) permits a court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Fed. Practice & Proc. § 2810.1 (2d ed. 1995)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4) the judgment is void;

  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id*. Like Rule 59(e), Rule 60(b) does not provide a vehicle to rehash arguments previously made and rejected. *Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003).

  The party seeking relief under Rule 59(e) or Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

  In its response to Northfield's motion for summary judgment, MI 32 argued that Northfield waived, or should be estopped from asserting, coverage preclusion or policy rescission because Northfield knew or should have known that MI 32 did not have an automatic fire alarm system. One basis of Northfield's alleged knowledge was an August 25, 2022 phone conversation between MI 32's principal and Traveler's Risk

3

Control Consultant Melissa Ellison, characterized by MI 32 as an "inspection," which took place months after the Policy was issued.

The Court considered all the facts and arguments made by the parties, including the telephone call and follow-up letter which MI 32 asserted to be an inspection. The Court expressly found that MI 32 produced no evidence to contradict the Northfield underwriter's affidavit attesting to the fact that Northfield did not know there was no automatic fire alarm system at the subject property when it issued the policies, and that it would not have issued the polices to MI 32 had it known.

The Court did not commit a clear error of law, or a manifest injustice, nor is there any basis to conclude that this an "unusual and extreme situation[] where principles of equity mandate relief." MI 32 fails to satisfy its burden under Rule 59(e) or 60(b) and merely rehashes arguments contained in its responsive pleading that were already considered by the Court.

A response from Northfield will not aid the Court in its determinization of MI 32's motion and will therefore be denied.

For the reasons stated herein, Defendant's motion for reconsideration or rehearing (ECF No. 13) is DENIED. Plaintiff's motion for leave to file brief in opposition (ECF No. 14) is also DENIED.

SO ORDERED.

                                       s/Nancy G. Edmunds
                                       NANCY G. EDMUNDS
                                       UNITED STATES DISTRICT JUDGE

Dated:  September 10, 2025